**PHILLIPS DAYES**
LAW FIRM
*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
TREY DAYES, No. 020805
SEAN C. DAVIS, No. 030754
treyd@phillipsdayeslaw.com
(602) 288-1610 ext. 301
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Agustin Mendoza; Matt Strause, Sr.; Matt Strause, Jr.,<br><br>Plaintiffs,<br><br>vs.<br><br>Dust Technologies Int., LLC, an Arizona limited liability company, d.b.a. Maricopa Curb & Striping, an Arizona registered tradename; Randall Artman and Silvia Artman, husband and wife<br><br>Defendants | Case No.: _____<br><br>**COMPLAINT** |

Plaintiffs Agustin Mendoza, Matt Strause, Sr. and Matt Strause, Jr., for their Complaint against Defendants, allege as follows:

### NATURE OF THE CASE

1. The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See*

29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiffs bring this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

4. For at least three (3) years prior to the filing of this lawsuit, Defendants had a consistent policy and practice of requiring employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5. Plaintiffs seek to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

7. Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside within the State in which this District Court is located and because a substantial part of the events or omissions giving rise to this matter occurred in this District.

8. The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

**PARTIES**

9. At all times material hereto, Plaintiffs were residents of Maricopa County, Arizona.

10. At all times material hereto, Dust Technologies Int., LLC was incorporated in the State of Arizona, and has its principal place of business in Arizona at 10869 North Scottsdale Road, #103129, Scottsdale, Arizona 85254.

11. Maricopa Curb & Striping is an Arizona Registered Tradename registered with the Arizona Secretary of State and wholly owned by Dust Technologies Int., LLC.

12. Upon information and belief, at all times material hereto, Defendant Randall Artman, was and continues to be a resident of Arizona.

13. Upon information and belief, at all times material hereto, Defendant Silvia Artman, was and continues to be a resident of Arizona

14. Silvia Artman is Randall Artman's wife. Randall Artman and Silvia

Artman have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

15. Upon information and belief, and consistent with the information available from the Arizona Secretary of State, Defendants Randall Artman and Silvia Artman was and are the owner of Dust Technologies Int., LLC, d.b.a. Maricopa Curb & Striping.

16. At all relevant times, Plaintiffs were "employee[s]" of Defendants, as defined by 29 U.S.C. § 203(e)(1).

17. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

18. At all relevant times, each of the Defendants was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

19. Each of the Defendants should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

20. Defendants Randall Artman and Silvia Artman are deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216, and are co-equally liable with Dust Technologies Int., LLC, d.b.a. Maricopa Curb & Striping.

21. All Defendants are co-equally liable for all matters.

22. On information and belief, Defendants Randall Artman and Silvia Artman made all decisions on the daily activities of their employees and make all decisions regarding pay policies and exerted financial and operative control over Dust Technologies Int., LLC, d.b.a. Maricopa Curb & Striping and are therefore individually liable under the FLSA.

23. Defendants Randall Artman and Silvia Artman had the power to close Dust Technologies Int., LLC, d.b.a. Maricopa Curb & Striping.

24. Defendants Randall Artman and Silvia Artman had the power to hire and fire employees.

25. On information and belief, Defendants Randall Artman and Silvia Artman hired managerial employees.

26. On information and belief, Defendants Randall Artman and Silvia Artman maintained employment records.

27. Defendants Randall Artman and Silvia Artman profited from the FLSA violations detailed in this complaint.

28. At all times material to this action, each of the Defendants were and continue to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

29. Plaintiffs engaged in commerce or in the production of goods for commerce and is therefore individually covered under the FLSA pursuant to 29 U.S.C. §§206(a), 207(a)(1), 212(c).

30. In performing their duties as a general laborers and production workers, Plaintiffs used equipment and tools that were purchased from out of state retailers, including a product known as Bio-Sock which is storm prevention equipment used on construction sites.

31. In performing their duties as a general laborers and production workers, Plaintiffs used and purchased equipment, such as cement, which were manufactured outside the state of Arizona.

32. In performing their duties as a general laborers and production workers, Plaintiffs handled and worked on goods and materials that have been moved in or produced for commerce

33. On information and belief, at all times relevant, the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

## FACTUAL BACKGROUND

34. Dust Technologies Int., LLC, d.b.a. Maricopa Curb & Striping hired Plaintiff Mendoza in approximately September 2010 as a general laborer, production worker, and supervisor.

35. Plaintiff Mendoza was paid an hourly rate of $14.00 per hour.

36. Dust Technologies Int., LLC, d.b.a. Maricopa Curb & Striping hired Plaintiff Strause, Sr., in approximately January 2010 as a general laborer, production worker, and supervisor.

37. Plaintiff Strause, Sr., was paid an hourly rate of $22.50 per hour.

38. Dust Technologies Int., LLC, d.b.a. Maricopa Curb & Striping hired Plaintiff Strause, Jr., in approximately June 2014 as a general laborer, and production worker.

39. Plaintiff Strause, Jr., was paid an hourly rate of $11.00 per hour.

40. Dust Technologies Int., LLC, d.b.a. Maricopa Curb & Striping specialized in providing clientele concrete, repair striping and signage, and stormwater pollution prevention plans.

41. Plaintiffs' responsibilities as general laborers and production workers included washing concrete barrels and unloading trucks.

42. Plaintiffs' responsibilities as general laborers and production workers also included performing storm water prevention services on construction sites.

43. Plaintiffs would also have to pick up and drop off equipment deliveries.

44. Plaintiff Mendoza's and Strause Sr.'s responsibilities as supervisors included supervising field crews.

45. Plaintiff Mendoza's schedule was 5 a.m. to 4:00 p.m. or 4:30 p.m., Monday through Sunday.

46. Plaintiff Strause, Sr.'s schedule was 5 a.m. to 5 p.m., Monday through Sunday.

47. Plaintiff Strause, Jr.'s schedule was from 5 a.m. to 4:00 p.m. or 4:30 p.m., Monday through Sunday

48. Every week in which Plaintiffs worked their full schedule, they worked more than 40 hours in a week.

49. Dust Technologies Int., LLC, d.b.a. Maricopa Curb & Striping compensated Plaintiffs at an hourly rate.

50. Plaintiffs were non-exempt employees.

51. Even if Plaintiffs were exempt employees, Defendants waived the right to claim the administrative or managerial exemption to the FLSA because they paid Plaintiffs an hourly rate.

52. Plaintiffs had no real supervision or management responsibilities.

53. Plaintiffs could neither hire nor fire employees.

54. Plaintiffs had no authority to exercise significant independent judgment on issues that affect the whole company when carrying out his job responsibilities.

55. Defendants managed, supervised, and directed all aspects of Plaintiffs' job duties and responsibilities.

56. Plaintiffs' primary duties was not the performance of work directly related to the management or general business operations of Dust Technologies Int., LLC, d.b.a. Maricopa Curb & Striping or its' customers.

57. Plaintiffs' primary duties was not the performance of work requiring advanced knowledge in a field of science or learning that was acquired by a prolonged course of specialized intellectual instruction.

58. Plaintiffs would work on average forty five to fifty five (55) hours per week for Dust Technologies Int., LLC, d.b.a. Maricopa Curb & Striping without receiving overtime compensation at time and one half his regular hourly rate.

59. Defendants would only compensate Plaintiffs at their regular rates for all their hours worked.

60. Defendants did not compensate Plaintiffs at one and a half times their regular rates for their overtime hours worked.

61. Plaintiffs have retained the law firm of Phillips Dayes Law Firm PC to prosecute their claims against Defendants on their behalf and have agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

## COUNT ONE
## OVERTIME VIOLATION—29 U.S.C. § 207

62. Plaintiffs incorporate and adopt paragraphs 1 through 61 above as if fully set forth herein.

63. While employed by Defendants, Plaintiffs regularly worked multiple hours of overtime per week.

64. Plaintiffs were non-exempt employees.

65. Even if Plaintiffs were exempt employees, Defendants have waived the right to claim the managerial or administrative exemption by paying Plaintiffs an hourly rate.

66. Defendants have intentionally and willfully failed and refused to pay Plaintiffs overtime according to the provisions of the FLSA.

67. On information and belief, Defendants further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs in accordance with 29 U.S.C. § 207.

68. As the direct and proximate result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

69. Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiffs for an amount equal to one and one-half times their regular pay rates for each hour of overtime worked per week.

70. In addition to the amount of unpaid wages owed to Plaintiffs, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

71. On information and belief, Defendants' conduct in failing to properly compensate Plaintiffs, in violation of the FLSA, was willful.

72. Defendants have not made a good faith effort to comply with the FLSA.

73. Plaintiffs have been required to bring this action to recover their overtime compensations, and their statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiffs have incurred costs and attorneys' fees.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants:

    a. Awarding Plaintiffs overtime compensations in the amount due for all of their time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiffs' regular rate of pay while at work for Defendants, in an amount proved at trial;

    b. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiffs reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d. Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

e. Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

f. For such other and further relief as the Court deems just and proper.

## COUNT TWO
## DECLARATORY JUDGMENT

74. Plaintiffs incorporate and adopt paragraphs 1 through 73 above as if fully set forth herein.

75. Plaintiffs and Defendants have an overtime compensation dispute pending.

76. The Court has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

77. Plaintiffs are entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

a. Defendants employed Plaintiffs.

b. Defendants are engaged in an enterprise covered by the overtime provisions of the FLSA.

c. Plaintiffs, individually, are covered by the overtime provisions of the FLSA.

d. Plaintiffs were not exempt employees pursuant to the FLSA.

Complaint                                                                                           Page 11

     e. Defendants failed and refused to make payments of overtime compensations to Plaintiffs, in violation of the provisions of the FLSA.

     f. Defendants' failures to pay overtime compensation to Plaintiffs were willful.

     g. Plaintiffs are entitled to damages in the amount of overtime compensation not paid by Defendants at the rate of one and one-half times Plaintiffs' regular rates of pay.

     h. Plaintiffs are entitled to an equal amount as liquidated damages.

     i. Plaintiffs are entitled to recover their costs and a reasonable attorney's fee incurred in prosecuting his claim.

78. It is in the public interest to have these declarations of rights recorded as Plaintiffs' declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

79. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendants:

     a. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

b. Awarding Plaintiffs their reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA; and

c. For such other and further relief as the Court deems just and proper

Dated: July 21, 2016                    Respectfully submitted,

**PHILLIPS DAYES LAW FIRM PC**

By: <u>Trey Dayes</u>
  Trey Dayes
  Sean C. Davis
  Attorneys for Plaintiffs